## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>1718 Connecticut Ave., N.W.<br>Suite 200<br>Washington, DC 20009 | ) )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **Civil Action No.**_____ |
| | ) |
| THE UNITED STATES DEPARTMENT OF<br>STATE<br>2201 C St. NW<br>Washington, D.C. 20520 | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendant. | )<br>) |

### COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552 (2009), for injunctive and other appropriate relief, seeking the release of agency

records requested by the Electronic Privacy Information Center from the United States

Department of State.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this action and personal jurisdiction

over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2009) and 5 U.S.C. § 552(a)(6)(C)(i) (2009).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2009).  Venue is

proper in this district under 5 U.S.C. § 552(a)(4)(B) (2009).

### Parties

3.     Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research

organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities
include the review of federal activities and policies to determine their possible impacts on civil
liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-
weekly electronic newsletter. EPIC also maintains a heavily visited Internet site,
http://www.epic.org, which contains extensive information regarding  privacy issues, including
information EPIC has obtained from federal agencies under the FOIA.

4.      Defendant United States Department of State ("Department of State") is an agency
established in the Executive Branch of the United States Government. The Department of State is
an agency within the meaning of 5 U.S.C. § 552(f)(1) (2009). The Department of State contains its
own Office of Inspector General ("OIG").

## Facts

## The Department of State has Failed to Secure the Passport Files of Americans

5.      In March of 2008, the Department of State announced that Senator Barack Obama's
passport data was repeatedly accessed by three different contract employees who had no legitimate
reason to view the records.

6.      Two of these employees were terminated and the third was disciplined.

7.      On March 20, 2008, the Department of State reiterated that the agency requires all
government and contract employees who log onto the passport records system to acknowledge "that
the records are protected by the Privacy Act and that they are only available on a need-to-know
basis."

8.      Later, the Department of State revealed that Senator Hillary Clinton and Senator
John McCain's files had also been improperly accessed.

9.      In July 2008, the OIG issued a report regarding passport data security.

10.     The report, entitled "Review of Controls and Notification for Access to Passport

Records in the Department of State's Passport Information Electronic Records System (PIERS) –

AUD/IP-08-29," ("OIG Report") was released to the public in heavily redacted form.

11.     The unredacted portions indicate that 127 politicians, athletes, and entertainers'

passport records were wrongfully accessed between September 2002 and March 2008.

12.     The OIG Report notes numerous problems with the Department of State's system to

protect the confidentiality of passport records and makes 22 recommendations to improve passport

privacy.

13.     The OIG Report further identifies a general lack of policies, procedures, guidance,

and training regarding the prevention and detection of unauthorized access to passport and applicant

information.

14.     The OIG Report also found that the response to data breaches was inadequate.

## EPIC Submitted a FOIA Request to The Department of State For the Complete OIG Report

15.     On July 10, 2008, EPIC transmitted, via fax, a written FOIA request to the

Department of State for agency records. EPIC requested:

> The complete, unredacted July 2008 report by the Office of the Inspector
> General entitled "Review of Controls and Notification for Access to Passport
> Records in the Department of State's Passport Information Electronic Records
> System (PIERS) – AUD/IP-08-29."

16.     EPIC also requested "News Media" fee status under the Freedom of Information

Act, based on its status as a "representative of the news media."

## The Department of State Wrongfully Denied EPIC's FOIA Request

17.     On July 23, 2008, The Department of State wrote to EPIC, denying EPIC's FOIA

Request and stating "Your request for the unredacted report has been denied. The redacted version

of the report… is the only version that is being released to the public."

3

## EPIC Filed an Administrative Appeal with the Department of State

18.     On September 19, 2008, less than 60 days after the Department of State denied

EPIC's request, EPIC transmitted a written administrative appeal to the Department of State

("EPIC's Administrative Appeal").

19.     EPIC's Administrative Appeal appealed the Department of State's denial of EPIC's

FOIA Request.

20.     EPIC reiterated its request for a complete, unredacted copy of the OIG Report.

21.     EPIC's Administrative Appeal also reiterated EPIC's request for "News Media" fee

status.

## The Department of State Failed to Reply to EPIC's Administrative Appeal

22.     Through the date of this pleading, which is filed more than twenty working days

after the Department of State received EPIC's Administrative Appeal, the Department has not

responded to EPIC's Administrative Appeal.

## Count I
## Violation of the FOIA: Wrongful Withholding of Agency Records

23.     Paragraphs 1-22 above are hereby incorporated by reference as if set forth fully

herein.

24.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's

FOIA Request.

25.     The Department of State has wrongly withheld a responsive agency record, the

complete OIG Report, that EPIC is entitled to under 5 U.S.C. § 552 (2009).

26.     EPIC is entitled to injunctive relief compelling the release and disclosure of the

requested agency record.

4

## **Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A.     order defendant to produce all responsive agency records within ten business days of the

Court's Order in this matter;

B.     award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E) (2009); and

C.     grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By:

John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: November 24, 2009